<table>
<tr><td>William L. Norine*<br><br>_____<br>*Also admitted in<br>New York and Minnesota</td><td align="center"># NORINE LAW FIRM<br>WILLIAM L. NORINE<br>*Attorney and Counselor at Law*<br><br>**513 North Pine**<br>**P.O. Box 337**<br>**Grantsburg, Wisconsin 54840**<br>**(715) 463-5955**<br>**CELL: 612-968-4223**<br>**FAX: (715) 463-5957**<br>**wnorine@grantsburgtelcom.net**</td><td>Trials and Appeals in<br>All Courts<br><br>Lindsey Java<br>Paralegal</td></tr>
</table>

August 17, 2006

The Hon. Michael Davis
United States District Court Judge
c.o. Office of the Clerk of Court
Second Floor
United States District Court
300 South Fourth Street
Minneapolis, Minnesota 55415

     Re:    *Bradley v. Dresel*

Dear Judge Davis:

     As you know, this matter is set for an evidentiary default hearing on September 13, 2006. I have been made aware of an Order that was filed on or about July 26, 2006 which required me to serve notice upon Buster McClaury, the party who is in default, within five days of the Order. I regret to advise that the order did not come through on our computer system. I also want to point out that this "glitch" is, I suspect, the fault of my computer system and staff, and is not in any way an error on the part of the court staff or personnel. In any event, I have not as of this date served notice upon Mr. McClaury. I am certainly prepared to expedite said notice by express-mailing my motion papers to Mr. McClaury's last known address forthwith, if that would suffice. I would also like to point out that under Rule 55, this is *not* a situation that would appear to require notice to the defaulting party, because that party has not appeared in this action at any point in time, and has never filed a responsive pleading or any other document at any stage of these proceedings. The relevant portion of the Rule provides that if the party against whom judgment by default is sought *has* appeared in the action, the party "shall be served with written notice of the application for default at least three days" prior to the hearing. Notice does not appear to be required where the party has not appeared, even if, as in this case, a hearing on "general damages" is required. That, at least, is my reading of Rule 55 as it applies to this case.

   Again, I regret that this problem has arisen, and I apologize for any inconvenience it has caused.  I will await instructions from the court as to how to further proceed.   I will certainly understand if the Court feels the matter needs to be adjourned.

                Respectfully,

                William L. Norine

cc:  Michael D. Carr, Esq.
   James J. Ranheim, Esq.